1

The Honorable J. Kelley Arnold

2

3

4

5

6

7
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

| | |
|---|---|
| PAMELA K. FITZSIMMONS, ) | |
| ) | |
| Plaintiff, ) | No. C05-5321JKA |
| ) | |
| v. ) | STIPULATED PROTECTIVE ORDER |
| ) | |
| THE COLUMBIAN PUBLISHING ) | |
| COMPANY dba THE COLUMBIAN, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Upon stipulation of the parties for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure:

IT IS HEREBY ORDERED that the following conditions shall regulate the use and disclosure of information provided by and to the parties and their attorneys in the above-entitled matter.

1. _Confidentiality_. Either party may designate and mark as "Confidential, Subject to Protective Order" or "Confidential, Subject to Protective Order, Attorneys' Eyes Only," any documents or other discovery material which will be produced in this action which are considered by either party to be proprietary or otherwise confidential or sensitive in nature. "Confidential, Subject to Protective Order" or "Confidential, Subject to Protective Order, Attorneys' Eyes Only" material, as used in this Order, shall refer to any so designated document, or other discovery material (including responses to document requests and interrogatories, and

DEFENDANT'S FIRST REQUEST FOR ADMISSIONS
TO PLAINTIFF - 1
Case No. 05-5321JKA

**BARRAN LIEBMAN** LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

00075002.DOC /

deposition testimony and transcripts as specified below), and all copies thereof, and shall also refer to the information contained therein.  No such designation shall be made unless counsel believes in good faith that the designated material is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure.

2.   Use.  Documents and discovery material designated "Confidential, Subject to Protective Order" and "Confidential, Subject to Protective Order, Attorneys' Eyes Only," and all copies thereof, shall be maintained in confidence by counsel of record and shall be used solely for the purpose of this litigation, and shall not be used for any business, commercial, competitive, personal, or other purpose.  All documents and discovery materials designated "Confidential, Subject to Protective Order" and "Confidential, Subject to Protective Order, Attorneys' Eyes Only" shall not be disclosed to any person except as defined herein below unless expressly ordered by the Court or agreed to by the parties.

"Confidential, Subject to Protective Order" and "Confidential, Subject to Protective Order, Attorneys' Eyes Only" material may be referred to in pleadings, motions, and briefs submitted to this Court, and may be used in depositions and marked as exhibits.  However, no such document or testimony shall be used for any of these purposes unless it, or the portion of the Court papers in which it is revealed, is appropriately marked confidential and, if applicable, filed under seal with the Court.

3.   Access.  "Confidential, Subject to Protective Order" and "Confidential, Subject to Protective Order, Attorneys' Eyes Only" material shall not be disclosed by counsel of record to any person except:

(a)   the Court;

(b)   employees of the law firms of counsel of record, and any such employees shall be bound by the terms of this Order;

(c)   the parties;

STIPULATED PROTECTIVE ORDER - 2
Case No. 05-5321JKA

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

00075002.DOC /

(d)      witnesses in this litigation to the extent necessary to verify, challenge, or clarify the information, or who have created the document or previously have seen the document; and

(e)      experts or independent consultants engaged by counsel of record for the parties to assist in this litigation.

Each person to whom "Confidential, Subject to Protective Order" and "Confidential, Subject to Protective Order, Attorneys' Eyes Only" material is disclosed must be informed of this Order, receive a copy, and comply with its terms.  The Court shall have jurisdiction over any proceedings involving alleged improper use or disclosure of the confidential material.  This Order shall not prevent the disclosure of documents to the persons who were authors or addressees of the documents or shown as having received a copy of them.

4.      <u>Deposition Testimony</u>.  The parties may orally designate testimony as "Confidential, Subject to Protective Order" during the course of a deposition.  Either party may also designate portions of deposition transcripts as "Confidential, Subject to Protective Order."  Whenever a "Confidential, Subject to Protective Order" designation is used during the examination by deposition of any witness, the party making such a designation shall inform the witness that the use of matter or testimony so designated is subject to the terms of this Order and the witness shall agree to be bound by the terms of this Order prior to the deposition proceeding.

5.      <u>Objection to Designation</u>.  This Order is without prejudice to the parties' rights to object to the designation of material as "Confidential, Subject to Protective Order" or "Confidential, Subject to Protective Order, Attorneys' Eyes Only," and does not shift or alter the burden of proof with respect to establishing that the material in question constitutes proprietary or otherwise confidential or sensitive information entitled to protection under Federal Rule of Civil Procedure 26(c).

6.      <u>Notification, Conference, and Motion</u>.  In the event that either party's counsel disagrees with the designation of any document or discovery material as "Confidential, Subject to Protective Order" or "Confidential, Subject to Protective Order, Attorneys' Eyes Only,"

STIPULATED PROTECTIVE ORDER - 3
Case No. 05-5321JKA

**BARRAN LIEBMAN** LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

00075002.DOC /

counsel shall advise counsel for the other party in writing of their objection and identify the document or material with sufficient specificity.  The parties agree to confer in good faith to resolve any dispute over the designation.  If the parties cannot reach agreement, an appropriate motion shall be filed with the Court.

7.  <u>Return of Documents</u>.  Within thirty (30) days of the final resolution of this action, all documents and discovery materials which have been designated "Confidential, Subject to Protective Order" and "Confidential, Subject to Protective Order, Attorneys' Eyes Only" by either party shall be returned to them, together with all copies thereof, or counsel of record shall certify in writing that such materials, and all copies thereof, have been destroyed.

8.  <u>Duration and Modification</u>.  Insofar as the provisions of this Order restrict the communication and use of any documents, materials and/or information produced, the Order shall continue to be binding after the conclusion of this litigation, and disclosure can be made only with the express written permission of the parties or as otherwise determined by this Court.

9.  <u>Binding Order</u>.  This Order shall be binding on the parties, their attorneys, and the agents, employees, consultants and other persons employed or retained by the parties or their attorneys.

IT IS HEREBY ORDERED this 8th day of December, 2005.

*/s/J. Kelley Arnold*
Honorable J. Kelley Arnold

IT IS SO STIPULATED:

ALTSCHUL LAW OFFICE, PC

By:_____/s/_____
    Andrew Altschul, WSBA No. 32025

Attorney for Plaintiff

Dated:  December 5, 2005

BARRAN LIEBMAN LLP

By:_____/s/_____
    Edwin A. Harnden, WSBA No. 32478
    Brenda K. Baumgart, OSB No. 99216
    *Pro Hac Vice*

Of Attorneys for Defendant

Dated:  December 5, 2005

STIPULATED PROTECTIVE ORDER - 4
Case No. 05-5321JKA

00075002.DOC /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**CERTIFICATE OF SERVICE**

I, Brenda K. Baumgart, certify under penalty of perjury under the laws of the State of

Washington that, on the _____ day of December, 2005 I caused to be served on the person listed

below in the manner shown:

STIPULATED PROTECTIVE ORDER

**Andrew Altschul**
ALTSCHUL LAW OFFICE, PC
117 SW Taylor Street, Suite 200
Portland, OR 97204

**Attorneys for Plaintiff**

By causing the same to be: :    ☐ emailed    ☐ hand delivered    ☒ faxed      ☒ mail

to them a true and correct copy thereof.

By _____

     Edwin A. Harnden, WSBA No. 32478
     Brenda K. Baumgart, OSB No. 99216
     *Pro Hac Vice*
Attorneys for Defendant The Columbian
Publishing Company

CERTIFICATE OF SERVICE - 1
Case No. 05-5321JKA

00075002.DOC /